UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

LUCIANO DI SCALA, Individually and on
Behalf of All Others Similarly Situated,

                      Plaintiff,

      vs.

PROSHARES ULTRA BLOOMBERG
CRUDE OIL, PROSHARE CAPITAL
MANAGEMENT LLC, PROSHARES TRUST
II, MICHAEL L. SAPIR, TIMOTHY N.
COAKLEY and TODD B. JOHNSON,

                  Defendants.

———————————————————————— x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 1:20-cv-05865-NRB

CLASS ACTION

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF
LEAD COUNSEL

4829-8246-9836.v1

## I.      INTRODUCTION

This action is brought on behalf of purchasers of ProShares Ultra Bloomberg Crude Oil ("UCO" or the "Fund") securities between March 6, 2020 and April 27, 2020, inclusive (the "Class Period") against the Fund, its sponsor, and certain of its senior executives for alleged violations of the Securities Exchange Act of 1934 (the "1934 Act").  In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") directs district courts to appoint as lead plaintiff the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

Here, Emir Tavukcuoglu is the "most adequate plaintiff" to represent the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition to timely filing his motion, Mr. Tavukcuoglu has a significant financial interest and meets the Rule 23 typicality and adequacy requirements.

Mr. Tavukcuoglu has selected Robbins Geller Rudman & Dowd LLP, a firm with extensive experience prosecuting complex securities class actions, to serve as lead counsel for the putative class in the event his motion is granted.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

Because Mr. Tavukcuoglu satisfies the PSLRA criteria for appointment, his motion should be granted.

## II.     SUMMARY OF THE ACTION

UCO is an exchange traded fund ("ETF") which, as discussed below, is purportedly designed to reflect the performance of crude oil as measured by the price of West Texas Intermediate ("WTI") sweet, light crude oil futures contracts traded on the New York Mercantile Exchange (the "NYMEX").  Because retail investors are generally not equipped to buy and sell barrels of oil or authorized to trade oil futures, ETFs like UCO provide one of the primary means by which such investors can gain exposure to fluctuations in oil prices.

- 1 -

4829-8246-9836.v1

The complaint alleges that, during the Class Period, defendants stated that UCO would achieve its investment objective by seeking daily investment results, before fees and expenses, that correspond to two times the performance of its benchmark for a single day, and not for any other period. However, unbeknownst to investors, extraordinary market conditions in early 2020 made UCO's purported investment objective and strategy unfeasible. Oil demand fell precipitously as governments imposed lockdowns and businesses halted operations in response to the COVID-19 pandemic. Moreover, in early March 2020, Saudi Arabia and Russia launched an oil price war, increasing production and slashing export prices in a bid to increase the global market share of their domestic petrochemical enterprises. As excess oil supply increased and oil prices waned, the facilities available for storage in Cushing, Oklahoma approached capacity, ultimately causing a rare market dynamic known as "super contango," in which the oil futures prices substantially exceed the spot price. At the same time, retail investors began pouring hundreds of millions of dollars into UCO in an attempt to "buy the dip," believing (correctly) that the price of oil would rebound as economies exited lockdown periods and the Russia/Saudi oil price war ended. Because of the nature of UCO's investment strategy, these converging factors caused UCO to suffer exceptional losses and undermined UCO's ability to meet its ostensible investment objective.

The complaint further alleges that defendants, as the creators, issuers, and operators of UCO, possessed inside knowledge about the negative consequences to UCO as a result of these converging factors. However, rather than disclose the known impacts and risks to UCO as a result of these exceptional threats, defendants instead conducted a massive offering of UCO shares, ultimately selling billions of dollars' worth of UCO shares to the market.

The Class Period begins on March 6, 2020, when defendants announced a public offering of up to $5.1 billion worth in UCO shares via a Form S-3 Registration Statement filed with the U.S.

- 2 -

4829-8246-9836.v1

Securities and Exchange Commission ("SEC").  On March 5, 2020, the day before defendants filed this Registration Statement, UCO shares closed at approximately $11.29 each.  As the month of March progressed, UCO twice updated this Registration Statement via amendments on March 25, 2020 and March 30, 2020.  The Registration Statement and its amendments failed to disclose and/or misrepresented the concrete harms and acute risks to the Fund posed by the COVID-19 pandemic, the Russia/Saudi oil price war, the massive influx of investor capital into the Fund, the fact that the Fund was approaching position and accountability limits, the effects of super contango, and insufficient WTI storage capacity.

UCO quickly deteriorated, as a result of the nature and extent of defendants' fraud being revealed to investors and the market.  Ultimately, UCO suffered billions of dollars in losses and was forced to abandon its investment strategy. Through a series of investment overhauls, UCO was forced to transform from a passive ETF into an actively-managed fund struggling to avoid a total implosion.  In April and May 2020, defendants belatedly acknowledged the threats and adverse impacts that UCO had been experiencing at the time of the March offering, but which they had failed to disclose to investors in a timely manner.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of UCO shares, Mr. Tavukcuoglu and other class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.     Mr. Tavukcuoglu Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).  First, the pendency of the action must be

4829-8246-9836.v1

publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Mr. Tavukcuoglu meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1.      Mr. Tavukcuoglu's Motion Is Timely

On July 28, 2020, the statutory notice for this action was published on *Globe Newswire* advising class members of the pendency of the action, its alleged claims, its class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days. *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A. Because Mr. Tavukcuoglu's motion was timely filed by the statutory deadline, Mr. Tavukcuoglu is entitled to be considered for appointment as lead plaintiff.

### 2.      Mr. Tavukcuoglu Possesses a Substantial Financial Interest

During the Class Period, Mr. Tavukcuoglu purchased 13,040 UCO shares and suffered approximately $245,000 in losses. *See* Rosenfeld Decl., Exs. B, C. To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3.    Mr. Tavukcuoglu Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  While Rule 23 has four requirements for class certification, "[a]t this early stage of litigation" ""'only the last two factors – typicality and adequacy – are pertinent."'" *Lopez v. CTPartners Exec. Search Inc.*, 2015 WL 2431484, at \*2 (S.D.N.Y. May 18, 2015) (citation omitted).  "A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"  *Id.* (citation omitted).  "A lead plaintiff is adequate where he 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.'"  *Id.* (citation omitted).

As his Certification and loss chart evidence, Mr. Tavukcuoglu purchased UCO shares during the Class Period and suffered harm when defendants' alleged misconduct was revealed.  *See* Rosenfeld Decl., Exs. B, C.  In addition, Mr. Tavukcuoglu's substantial stake in the outcome of the case indicates that he has the requisite incentive to vigorously represent the class's claims.  Mr. Tavukcuoglu is not aware of any conflicts between his claims and those asserted on behalf of the putative class and he is not subject to any unique defenses.  Further evidencing his ability to fairly and competently represent the interests of the class, Mr. Tavukcuoglu has submitted a declaration affirming his ability and willingness to serve as, and to assume the responsibilities of, lead plaintiff. *See* Rosenfeld Decl., Ex. D.  Finally, as discussed below, Mr. Tavukcuoglu has selected qualified counsel experienced in securities litigation as lead counsel.  Thus, Mr. Tavukcuoglu's common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel confirm his satisfaction of the Rule 23 requirements.

- 5 -

4829-8246-9836.v1

### B.     Mr. Tavukcuoglu's Selection of Counsel Should Be Approved

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, Mr. Tavukcuoglu has selected Robbins Geller to serve as lead counsel for the proposed class.[1]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country, including this Court, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *Jackson Cty. Emps.' Ret. Sys. v. BHP Billiton Ltd.*, No. 1:16-cv-01445-NRB, ECF No. 46 at 8 (S.D.N.Y. June 14, 2016) (Buchwald, J.) (approving institution's selection of Robbins Geller as lead counsel in case in which $50 million recovery was obtained and finding Robbins Geller "has the experience and resources necessary to adequately litigate this case"); *Atwood v. Intercept Pharm., Inc.*, 1:14-cv-01123-NRB, ECF No. 18 at 7 (S.D.N.Y. May. 16, 2014) (Buchwald, J.) (appointing Robbins Geller as lead counsel and recognizing that the "law firm has the experience and resources necessary to adequately litigate" the case); *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (concerning Robbins Geller's role as lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the

---

[1]     For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com.  A hard copy of the Firm's resume is available upon the Court's request, if preferred.

4829-8246-9836.v1

representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (concerning Robbins Geller's role as lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers. They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law. I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . . Counsel, you can all be proud of what you've done for your clients. You've done an extraordinarily good job.").

Indeed, Robbins Geller has obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[2] And, while trials in shareholder class actions are rare, Robbins Geller has tried several cases to verdict, most recently in a February 2019 trial in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Thus, the Court can be assured that by approving Mr. Tavukcuoglu's choice of Robbins Geller as lead counsel, the putative class will receive the highest caliber of representation.

---

[2]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4829-8246-9836.v1

## IV.    CONCLUSION

Mr. Tavukcuoglu has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, Mr. Tavukcuoglu respectfully requests that the Court appoint him as Lead Plaintiff, and approve his selection of Lead Counsel.

DATED:  September 28, 2020                    Respectfully submitted,

                                             ROBBINS GELLER RUDMAN
                                               & DOWD LLP
                                             SAMUEL H. RUDMAN
                                             DAVID A. ROSENFELD


                                                    *s/ David A. Rosenfeld*
                                             DAVID A. ROSENFELD

                                             58 South Service Road, Suite 200
                                             Melville, NY  11747
                                             Telephone:  631/367-7100
                                             631/367-1173 (fax)
                                             srudman@rgrdlaw.com
                                             drosenfeld@rgrdlaw.com

                                             ROBBINS GELLER RUDMAN
                                               & DOWD LLP
                                             DANIELLE S. MYERS
                                             JUAN CARLOS SANCHEZ
                                             655 West Broadway, Suite 1900
                                             San Diego, CA  92101
                                             Telephone:  619/231-1058
                                             619/231-7423 (fax)

                                             [Proposed] Lead Counsel for [Proposed] Lead
                                             Plaintiff

4829-8246-9836.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on September 28, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
     & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4829-8246-9836.v1

SDNY CM/ECF NextGen Version 1.3.2

## Mailing Information for a Case 1:20-cv-05865-NRB Di Scala v. ProShares Ultra Bloomberg Crude Oil et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jessica M. Bergin**
  jessica.bergin@ropesgray.com,Sharma.Ross@ropesgray.com,courtalert@ropesgray.com

- **Jeffrey Craig Block**
  jeff@blockesq.com,jason@blockesq.com,pacer-blockleviton-9062@ecf.pacerpro.com

- **Phillip C. Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Francis Paul McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Amy D. Roy**
  amy.roy@ropesgray.com,CourtAlert@ropesgray.com

- **Robert A. Skinner**
  Robert.Skinner@ropesgray.com,CourtAlert@ropesgray.com

- **Stephen J. Teti**
  steti@blockesq.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)