**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LUCIANO DI SCALA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PROSHARES ULTRA BLOOMBERG CRUDE OIL, PROSHARE CAPITAL MANAGEMENT LLC, PROSHARES TRUST II, MICHAEL L. SAPIR, TIMOTHY N. COAKLEY, and TODD B. JOHNSON, <br><br> Defendants. | Case No. 1:20-cv-05865-NRB |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF HONGGUI QU FOR**
**APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Honggui Qu ("Qu" or "Movant") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) appointing Movant as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.   PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired ProShares Ultra Bloomberg Crude Oil ("UCO" or the "Company") securities between March 6, 2020 and April 27, 2020, inclusive (the "Class Period").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

Movant believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Movant respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Movant's selection of Glancy Prongay & Murray LLP as lead counsel for the Class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

UCO is an exchange traded fund ("ETF") which is purportedly designed to reflect the performance of crude oil as measured by the price of West Texas Intermediate ("WTI") sweet, light crude oil futures contracts traded on the New York Mercantile Exchange ("NYMEX"). It seeks daily investment results, before fees and expenses, that correspond to two times the daily performance of the Bloomberg WTI Crude Oil Subindex.

The Class Period begins on March 6, 2020, when UCO filed a Registration Statement with the SEC, setting a "Proposed Maximum Aggregate Offering Price" of $5,123,657,025.

On April 3, 2020, defendants ProShares Trust II and Proshare Capital Management LLC (together, the "Sponsor" or "ProShares") announced a 1:25 reverse share split for UCO, which would take effect prior to the market opening on April 21, 2020.

On April 22, 2020, ProShares filed a Prospectus Supplement with the SEC, which stated, among other things: "[E]ach Oil Fund may utilize other investment strategies and Financial Instruments, as described below and in its Prospectus. For example, each Oil Fund may invest in longer-dated futures contracts based on the Sponsor's analysis of factors such as current or expected market volatility, margin requirements and the liquidity and cost of establishing and maintaining such positions."

Then, on April 24, 2020, ProShares Trust II issued a press release announcing that "each Oil Fund will seek to transition approximately 1/3 of its current portfolio from exposure to July

---

[1] This section is adapted from the allegations in the complaint filed in the above-captioned action. *See* Dkt. No. 1.

2020 WTI crude oil futures contracts into longer-dated exposures, specifically exposure to September 2020 WTI crude oil futures contracts." It also stated that "[a]s a result, the performance of each Oil Fund should not be expected to correspond to two times (2x), or two times the inverse (-2x), as applicable, of the daily performance of its benchmark, and each Fund's performance could differ significantly from its stated investment objective."

On April 27, 2020, ProShares Trust II issued a press release stating that Bloomberg had announced changes to the Bloomberg Commodity Index that impact the Oil Funds' benchmark. In response, each Oil Fund "will seek to transition its portfolio exposure from the July 2020 WTI crude oil futures contract into the September 2020 WTI crude oil futures contract."

On May 4, 2020, ProShares Trust II issued a press release stating that, on May 1, 2020, the Funds "received notice from the exchange directing the Funds to not exceed an exchange-designated position accountability level in the September 2020 WTI crude oil futures contracts." As a result, "each Oil Fund intends to transition 1/3 of its portfolio exposure from the September 2020 WTI crude oil futures contract into exposure to the December 2020 WTI crude oil futures contract by the close of business on Monday, May 4, 2020."

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts concerning the Company's business, operations, and prospects. Specifically, UCO could not pursue the claimed passive investment strategy or objective portrayed in the Registration Statement because the Fund was facing a host of interrelated crises that had undermined its ability to pursue its stated investment objective and strategy, including: (1) extraordinary market volatility caused by decreased demand for oil from the coronavirus pandemic and increased oil supply and diminished oil prices caused by the Russia/Saudi oil price war; (2) a massive influx of investor capital into the Fund,

3

totaling hundreds of millions of dollars, in a matter of days, which increased Fund inefficiencies, heightened illiquidity in the WTI futures contract markets in which the Fund invested, and caused the Fund to approach positional and regulatory limits (adverse trends exacerbated by the Offering itself); and (3) a sharp divergence between spot and future prices in the WTI oil markets, leading to a super contango market dynamic as oil storage space in Cushing, Oklahoma dwindled and was insufficient to account for the excess supply expected be delivered pursuant to the WTI May 2020 futures contract. As a result, UCO could not continue to pursue the passive investment strategy represented in the Registration Statement, causing its results to significantly deviate from its purported benchmark.

## III. ARGUMENT

### A. Movant Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

4

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Movant is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Movant Filed a Timely Motion

In addition to filing the complaint that commenced this action, Movant has made a timely motion in response to a PSLRA early notice. On July 28, 2020, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl.") Ex. A. Therefore, Movant had sixty days (until September 28, 2020) to file a motion to be appointed as lead plaintiff. As a purchaser of UCO securities during the Class Period, Movant is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

5

Additionally, as set forth in Movant's PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly Movant satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    Movant Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Movant purchased UCO securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Linkh Decl., Ex. C. To the best of his knowledge, Movant is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Movant believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d

6

Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.* 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id.* at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08–cv–7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a)      Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed members of the Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning UCO's business, operations, and financial prospects violated the federal securities laws. Movant, like all members of the Class, purchased UCO securities in reliance on

7

Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b) Movant Is An Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Movant has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Qu has a master's degree in management and has been managing his own portfolio for approximately 25 years. *See* Linkh Decl., Ex. D, at ¶ 2. He currently runs an IT company in China. *Id.* Movant is not aware of any conflict between his claims and those asserted on behalf of the Class. As such, Movant is well-equipped to represent the class.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movant has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on his behalf and will retain the firm as the Class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit E. Thus,

the Court may be assured that, by granting the Motion, the Class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

For the foregoing reasons, Honggui Qu respectfully requests that the Court grant his Motion and enter an Order (1) appointing Movant as Lead Plaintiff; (2) approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: September 28, 2020

**GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Movant and Proposed Lead Counsel for the Class*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On September 28, 2020, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 28, 2020, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh