## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCIANO DI SCALA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROSHARES ULTRA BLOOMBERG CRUDE OIL, PROSHARE CAPITAL MANAGEMENT LLC, PROSHARES TRUST II, MICHAEL L. SAPIR, TIMOTHY N. COAKLEY, and TODD B. JOHNSON,<br><br>Defendants. | Case. No. 1:20-cv-05865-NRB<br><br>Hon. Naomi Reice Buchwald |

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF EDMUND JIN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; AND IN OPPOSITION TO COMPETING MOVANTS

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES .................................................................................................... 2

PRELIMINARY STATEMENT ............................................................................................. 4

ARGUMENT .......................................................................................................................... 6

I.   MR. JIN SHOULD BE APPOINTED LEAD PLAINTIFF ............................................. 6

    A.   Mr. Jin Has the Largest Financial Interest ............................................................. 7

    B.   Mr. Jin Satisfies the Requirements of Rule 23 ....................................................... 8

        1.   Mr. Jin Is Typical ........................................................................................... 9

        2.   Mr. Jin Is Adequate ...................................................................................... 10

II.   ALL COMPETING MOTIONS SHOULD BE DENIED ................................................ 12

    A.   AWM Lacks Standing ............................................................................................ 12

    B.   The UCO Investor Group Is an Improper Lawyer-Driven Group ......................... 13

CONCLUSION ..................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bard Assocs., Inc.*,
   No. 09-6243, 2009 WL 4350780 (10th Cir. Dec. 2, 2009).......................................................10

*In re Boeing Co. Aircraft Sec. Litig.*,
   No. 19-cv-02394, 2020 WL 476658 (N.D. Ill. Jan. 28, 2020)....................................................8

*Casper v. Song Jinan*,
   No. 12 Civ. 4202 NRB, 2012 WL 3865267 (S.D.N.Y. Sept. 6, 2012)...................................5, 8

*City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*,
   No. 18-CV-3608 (VSB), 2019 WL 364570 (S.D.N.Y. Jan. 30, 2019)......................................6

*City of Warren Police & Fire Ret. Sys. v. World Wrestling Entm't Inc.*,
   No. 20-CV-2031 (JSR), 2020 WL 2614703 (S.D.N.Y. May 22, 2020) ....................................9

*In re Donnkenny Inc. Sec. Litig.*,
   171 F.R.D. 156 (S.D.N.Y. 1997) ...........................................................................................10

*In re Drexel Burnham Lambert Grp., Inc.*,
   960 F.2d 285 (2d Cir. 1992)...................................................................................................6

*Dura Pharm. Inc. v. Broudo*,
   544 U.S. 336 (2005).............................................................................................................2, 5

*Faig v. Bioscrip, Inc.*,
   No. 13 Civ. 06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013).................................7

*In re Forcefield Energy Inc. Sec. Litig.*,
   No. 15 Civ. 3020(NRB), 2015 WL 4476345 (S.D.N.Y. July 22, 2015) ...................................4

*Glavan v. Revolution Lighting Techs., Inc.*,
   No. 19-CV-980 (JPO), 2019 WL 3406582 (S.D.N.Y. July 29, 2019)...................................4, 5

*Gronich v. Omega Healthcare Inv'rs, Inc.*,
   No. 17 Civ. 8983 (NRB), 2018 WL 1626078 (S.D.N.Y. Mar. 27, 2018) .................................2

*Gross v. AT & T Inc.*,
   No. 19-CV-2892 (VEC), 2019 WL 3500496 (S.D.N.Y. July 31, 2019) ...................................1

*In re HEXO Corp. Sec. Litig.*,
   No. 19 Civ. 10965 (NRB), 2020 WL 5503634 (S.D.N.Y. Sept. 11, 2020) ..............................8

*Int'l Union of Operating Eng'rs v. FXCM Inc.*,
   No. 15-CV-3599(KMW), 2015 WL 7018024 (S.D.N.Y. Nov. 12, 2015) ...............................12

*Jakobsen v. Aphria, Inc.*,
   No. 18 Civ. 11376 (GBD), 2019 WL 1522598 (S.D.N.Y. Mar. 27, 2019) .............................11

*Karp v. Diebold Nixdorf, Inc.*,
   No. 19 Civ. 6180(LAP), 2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019) ...................................8

*Kniffin v. Micron Tech., Inc.*,
   379 F. Supp. 3d 259 (S.D.N.Y. 2019).............................................................................11, 12

*Kux-Kardos v. VimpelCom, Ltd.*,
   151 F. Supp. 3d 471 (S.D.N.Y. 2016).....................................................................................6

*Micholle v. Ophthotech Corp.*,
   No. 17-CV-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018).....................................7

*Nakamura v. BRF S.A.*,
   No. 18-cv-2213 (PKC), 2018 WL 3217412 (S.D.N.Y. July 2, 2018) .....................................11

*Perez v. HEXO Corp.*,
   No. 19 Civ. 10965 (NRB), 2020 WL 905753 (S.D.N.Y. Feb. 25, 2020)  .............................3, 8

*Plaut* v. *The Goldman Sachs Grp., Inc.*,
   No. 18-CV-12084 (VSB), 2019 WL 4512774 (S.D.N.Y. Sept. 19, 2019) ...........................6, 7

*In re Ply Gem Holdings, Inc., Sec. Litig.*,
   No. 14-CV-3577 (JPO), 2014 WL 12772081 (S.D.N.Y. Oct. 14, 2014)............................5, 10

*Sallustro v. CannaVest Corp.*,
   93 F. Supp. 3d 265 (S.D.N.Y. 2015)........................................................................................5

S*hanawaz v. Intellipharmaceutics Int'l Inc.*,
   No. 17-CV-5761 (JPO), 2017 WL 5633168 (S.D.N.Y. Nov. 21, 2017) ..................................4

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008)....................................................................1, 4, 10, 11

*W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*,
   549 F.3d 100 (2d Cir. 2008)..................................................................................................10

**Rules & Statutes**

Fed. R. Civ. P.  23 .......................................................................................................... *passim*

15 U.S.C. § 78u-4 *et seq.* ............................................................................................ *passim*

Proposed Lead Plaintiff Mr. Jin respectfully submits this memorandum in further support of his motion for appointment as Lead Plaintiff, and approval of Labaton Sucharow as Lead Counsel for the Class (ECF No. 21),[1] and in opposition to all competing lead plaintiff motions.[2]

## PRELIMINARY STATEMENT

Mr. Jin is entitled to appointment as Lead Plaintiff.  Based on Mr. Jin's receipt of a valid assignment of claims from his longtime friend and business partner, Mr. Zhao (ECF. No. 24-1), Mr. Jin possesses the largest financial interest in this case by leaps and bounds.  *Gross v. AT & T Inc.*, No. 19-CV-2892 (VEC), 2019 WL 3500496, at *3 (S.D.N.Y. July 31, 2019) ("[T]he Second Circuit's requirement of a property interest in the claims is not an onerous one. All that was necessary was for the Funds to execute an assignment of claims, with a condition that all benefits derived therefrom must be remitted back to the Funds.").  Indeed, as illustrated by the following chart, Mr. Jin's financial interest of ***$18,208,257.26*** is not only multiples larger than the losses claimed by any competing movant, but well-over ***two times greater*** than the losses of all remaining movants ***combined***.  *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008) (holding that "[f]inancial loss . . . is the most important element" in calculating financial interest).

---

[1]     All definitions and abbreviations used herein remain unchanged from Mr. Jin's previous submission before the Court.  *See* ECF Nos. 21, 22, 24.

[2]     The other lead plaintiff motions were filed by: (1) Honggui Qu ("Qu") (ECF No. 37); (2) Pinchas Dan Danino ("Danino") (ECF No. 23); (3) Advanced Wealth Management, LLC ("AWM"); (4) Canal Securities Corp., Evgeny Karelin, Kambiz Zarabi, and Michael Zarabi ("UCO Investor Group"); (5) Emir Tavukcuoglu ("Tavukcuoglu").  Subsequent to the filing of the competing Lead Plaintiff motions, the following movants either withdrew their motions or filed a notice of non-opposition: Tavukcuoglu *See* ECF No. 45.



In addition, Mr. Jin's claims arise from the most total shares purchased, net shares purchased, and net expenditures out of any competing movant during the Class Period. *Gronich v. Omega Healthcare Inv'rs, Inc.*, No. 17 Civ. 8983 (NRB), 2018 WL 1626078, at *2 (S.D.N.Y. Mar. 27, 2018) (Buchwald, J.) (utilizing those factors along with approximate losses suffered in calculating financial interest). Finally, because the investment losses underpinning the claims that have been assigned to Mr. Jin were all proximately caused by Defendants' alleged fraud, Mr. Jin also possesses the largest estimated recoverable loss. *Dura Pharm. Inc. v. Broudo*, 544 U.S. 336, 342 (2005) (holding that only those losses caused by a corrective disclosure are recoverable). Simply put, there is no factor in analyzing a prospective lead plaintiff's financial interest that does not fall in favor of Mr. Jin. Therefore, Mr. Jin has the largest financial interest, and is thus the most incentivized to act as a vigorous advocate on behalf of the Class.

Mr. Jin also satisfies the typicality and adequacy requirements of Rule 23. Mr. Jin is typical to the Class as a whole because he transacted in UCO securities on Mr. Zhao's behalf in reliance on Defendants' allegedly fraudulent Class Period statements, and these investments suffered significant losses as a result of Defendants' alleged fraud. Because the claims arising

from these investments are based on the same course of events as the claims of the Class, Mr. Jin has satisfied the typicality argument.  Further, as demonstrated by his Declaration submitted in connection with his motion (ECF No. 24-2), Mr. Jin is adequate because he is an experienced investor and sophisticated business owner with extensive experience overseeing counsel, including throughout the course of litigation.  *Perez v. HEXO Corp.*, No. 19 Civ. 10965 (NRB), 2020 WL 905753, at *2 (S.D.N.Y. Feb. 25, 2020) (Buchwald, J.) (collecting cases for proposition that individual investors must provide a baseline level of information to indicate their competency to serve as lead plaintiff).  Mr. Jin has also demonstrated his adequacy through his selection of Labaton Sucharow, a nationally recognized securities class action firm, as proposed Lead Counsel for the Class.

Accordingly, because Mr. Jin is the Lead Plaintiff movant claiming the largest financial interest who has also satisfied the typicality and adequacy requirements of Rule 23, he is the presumptive most adequate plaintiff.  As no competing movant has, or will be able to, rebut this strong presumption in favor of Mr. Jin's appointment with the requisite "proof," he is entitled to Lead Plaintiff status.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  As such, Mr. Jin respectfully requests that the Court grant his motion and deny all competing motions.

## ARGUMENT

### I.    MR. JIN SHOULD BE APPOINTED LEAD PLAINTIFF

Mr. Jin, a sophisticated investor with substantial experience overseeing counsel, is the statutory presumptive lead plaintiff under the PSLRA.  For the reasons discussed herein, Mr. Jin satisfies every criteria set forth under the PSLRA's sequential lead plaintiff appointment process and is readily capable and committed to act as a vigorous advocate and fiduciary for the Class.  Accordingly, Mr. Jin is entitled to Lead Plaintiff appointment under the PSLRA, and said appointment is unquestionably in the best interests of the Class.

### A.       Mr. Jin Has the Largest Financial Interest

Mr. Jin's financial interest of *$18,208,257.26* is multiples larger than that claimed by the other movants.  *See* ECF Nos. 45-1, 45-2.  Therefore, Mr. Jin, as the movant with "the largest financial interest in the relief sought by the class" is the "most adequate plaintiff."  15 U.S.C. § (a)(3)(B)(iii)(I)(bb).

While the PSLRA "does not provide any explicit guidance about how to calculate" the size of a given plaintiff's financial interest, "[c]ourts in this Circuit have traditionally examined four factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period . . . ; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period."  *Glavan v. Revolution Lighting Techs., Inc.*, No. 19-CV-980 (JPO), 2019 WL 3406582, at *3 (S.D.N.Y. July 29, 2019) (quoting *In re Veeco Instruments, Inc.*, 233 F.R.D. 330, 332 (S.D.N.Y. 2005)).  "Financial loss, the last factor, is the most important element of [the] test."  *Varghese*, 589 F. Supp. 2d at 395.[3]

Mr. Jin, having been assigned claims with investment losses of *$18,208,257.26*, triumphs on the fourth and most important factor used to evaluate financial interest.  Indeed, these losses are approximately *2.6 times* the losses of all other movants *combined*.  *See* Supplemental Loss Analysis, attached as Exhibit A to the Supplemental Declaration of Francis P. McConville ("Supp. McConville Decl."), Exhibit A.  Because Mr. Jin's losses "well exceed" the loss figures submitted by other movants, they are all rightly "out of the running from the get-go."  *Revolution*

---

[3]       *See also In re Forcefield Energy Inc. Sec. Litig.*, No. 15 Civ. 3020(NRB), 2015 WL 4476345, at *2 (S.D.N.Y. July 22, 2015) (Buchwald, J.) ("We, as other courts, shall place the greatest emphasis on the last of the four factors—the approximate loss suffered by the movant—which corresponds most directly to the 'relief sought by the class.'") (citation omitted); S*hanawaz v. Intellipharmaceutics Int'l Inc.*, No. 17-CV-5761 (JPO), 2017 WL 5633168, at *2 (S.D.N.Y. Nov. 21, 2017) (finding that "[s]ince the competing groups of plaintiffs are nearly identical in all other respects, the amount of loss is dispositive").

*Lighting Techs., Inc.*, 2019 WL 3406582, at *3. Therefore, because Mr. Jin claims the largest loss, he "wins," and should be "appointed lead plaintiff." *In re Ply Gem Holdings, Inc., Sec. Litig.*, No. 14-CV-3577 (JPO), 2014 WL 12772081, at *2 (S.D.N.Y. Oct. 14, 2014).

Outside of prevailing on the dispositive factor of approximate losses suffered, Mr. Jin additionally surpasses every other movant on the remaining three factors used to evaluate financial interest. Mr. Jin's claims involve the largest total shares purchased, net shares purchased, and net expenditures during the Class Period. *See* Supp. McConville Decl. Ex. A. Moreover, Mr. Jin's estimated recoverable losses under Supreme Court precedent, *i.e.*, those losses directly caused by Defendants' corrective disclosures, likewise dramatically shadow those of the competing movants. *See id.*; *see also Dura Pharm. Inc.*, 544 U.S. at 342 (holding that only those losses caused by a corrective disclosure are recoverable); *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 273 (S.D.N.Y. 2015) (collecting cases for proposition that courts will factor in recoverable losses under *Dura* at the lead plaintiff stage); *Revolution Lighting Techs., Inc.*, 2019 WL 3406582, at *3 (noting that courts in this Circuit consider a plaintiff's recoverable losses at the lead plaintiff stage).

Put simply, there is not a single factor that militates in favor of another movant possessing a larger financial interest than Mr. Jin. On this point alone, Mr. Jin's "financial interest should ensure vigorous advocacy on behalf of the class." *Casper v. Song Jinan*, No. 12 Civ. 4202 NRB, 2012 WL 3865267, at *2 (S.D.N.Y. Sept. 6, 2012) (Buchwald, J.). Accordingly, Mr. Jin "has the largest financial interest in the relief sought by the [C]lass," and is the presumptive "most adequate plaintiff." *Id.*, at *2 (quoting 15 U.S.C. § (a)(3)(B)).

### B.    Mr. Jin Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest, Mr. Jin also satisfies the PSLRA's preliminary showing of typicality and adequacy. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *City*

8

*of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, No. 18-CV-3608 (VSB), 2019 WL 364570, at *4 (S.D.N.Y. Jan. 30, 2019) ("A potential lead plaintiff must also make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.") (quotation and internal citations omitted); *See Kux-Kardos v. VimpelCom, Ltd.,* 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016) (same).  Therefore, as no other movant has, or will be able to, submit the required "proof" that Mr. Jin fails on typicality or adequacy grounds, Mr. Jin is entitled to appointment as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (evidentiary burden required to rebut presumption of most adequate plaintiff is "proof"); *see also Macquarie Infrastructure Corp.*, 2019 WL 364570, at *7 (rejecting speculative arguments against presumptive lead plaintiff).

### 1.    Mr. Jin Is Typical

Mr. Jin is typical to the Class as a whole and not subject to any potentially disqualifying unique defenses.  *See* ECF No. 22, at 8–9. "With respect to typicality, courts consider whether the claims of the proposed lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise.'" *Plaut* v. *The Goldman Sachs Grp., Inc.*, No. 18-CV-12084 (VSB), 2019 WL 4512774, at *3 (S.D.N.Y. Sept. 19, 2019) (quoting *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002)); *see also In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).  Additionally, Rule 23 does not require the lead plaintiff to be identically situated with all class members to satisfy the typicality requirement.  *See Goldman Sachs*, 2019 WL 4512774, at *3 (noting that "claims need not be identical"); *see also Faig v. Bioscrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013) (same).

9

As applied, Mr. Jin's claims are typical to the class as a whole. Mr. Jin's claims: (1) arise from investment losses in UCO securities made on Mr. Zhao's behalf; (2) as a result of Mr. Jin's reliance on Defendants' alleged misstatements; (3) therefore, the claims that have been assigned to Mr. Jin are based on the same course of events as the claims of the Class; and (4) as a result, Mr. Jin's claims rely upon the same legal theories as the Class as a whole. Therefore, the typicality requirement is satisfied as to Mr. Jin. *See Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL 1307285, at *6 (S.D.N.Y. Mar. 13, 2018).

### 2.   Mr. Jin Is Adequate

Mr. Jin also satisfies Rule 23's adequacy requirement. *See* ECF No. 22, at 9–10. "In considering the adequacy of a proposed lead plaintiff," courts in this District "consider whether the proposed lead plaintiff: (1) maintains claims that conflict with those of the class; (2) has sufficient interest in the outcome of the case; and (3) has selected counsel that is qualified, experienced, and generally able to conduct the litigation in question." *Goldman Sachs*, 2019 WL 4512774, at *3 (quoting *Reitan v. China Mobile Games & Entm't Grp. Ltd.*, 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014)).

No antagonism exists between Mr. Jin's interests and those of the absent Class members, and any arguments to the contrary should be disregarded as purely speculative. Mr. Jin possesses the substantial financial interest of ***$18,208,257.26*** in the outcome of this case, and is thus incentivized to ensure vigorous prosecution of this action. Indeed, the interests of Mr. Jin are squarely aligned with those of absent Class members in that he seeks to zealously litigate the claims advanced against Defendants to maximize any potential recovery. Mr. Jin has also demonstrated his adequacy through is selection of experienced and competent counsel. Indeed, Labaton Sucharow, a nationally recognized securities litigation law firm with a storied history of settling countless large and noteworthy securities class actions, is well-equipped to vigorously

10

advocate on behalf of the Class.  *Jinan*, 2012 WL 3865267, at *2 (finding movant adequate, in part, for selection "firm . . . experienced in prosecuting securities class actions.")

Moreover, in recognition of emerging best practices in this District, including this Court,[4] Mr. Jin has provided a Declaration describing his sophistication, experience, and commitment to serving as a faithful fiduciary to the Class.  *See* ECF No. 24-2.  *First*, Mr. Jin is an experienced business person.  Specifically, he is the founder and CEO of E&E, a sourcing and manufacturing company with annual sales of approximately $600 million that employs approximately 450 people, including an in-house legal team.  *Id.* ¶ 3; *see also HEXO Corp.*, 2020 WL 905753, at *3 (finding movant adequate where they submitted a declaration indicating they "founded and ran an energy services company for which he regularly oversaw attorneys, accountants and other professionals.").  Mr. Jin also owns several other business ventures, including  logistics, shipping, and design companies, a highly rated restaurant, and multiple distribution centers.  ECF No. 24-2 ¶ 3.  *Second*, Mr. Jin has extensive prior experience overseeing counsel, including in various litigation matters.  *Id.* ¶ 4.  *Third*, Mr. Jin has approximately two decades investing in the securities markets.  *Id.* ¶ 5.  *Finally*, prior to the retention of Labaton Sucharow, Mr. Jin negotiated with counsel to reach a fair and favorable fee agreement in the best interests of the

---

[4] *In re HEXO Corp. Sec. Litig.*, No. 19 Civ. 10965 (NRB), 2020 WL 5503634, at *2 (S.D.N.Y. Sept. 11, 2020) (refusing to reconsider previous order rejecting individual lead plaintiff applicant with largest claimed losses for failing to provide enough information to determine adequacy) (Buchawld, J.); *Perez v. HEXO Corp.*, No. 19 Civ. 10965 (NRB), 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020) (appointing individual investors who provided "detailed information in support of their adequacy," including employment and experience overseeing counsel); *Karp v. Diebold Nixdorf, Inc.*, No. 19 Civ. 6180(LAP), 2019 WL 5587148, at *5 (S.D.N.Y. Oct. 30, 2019) (holding that individual investors "need to provide enough information to make a preliminary showing of adequacy under Rule 23."); *see also In re Boeing Co. Aircraft Sec. Litig.*, No. 19-cv-02394, 2020 WL 476658, at *4 (N.D. Ill. Jan. 28, 2020) (collecting cases for the "seemingly uncontroversial point that even a merely preliminary showing of adequacy requires a lead plaintiff applicant to provide some information about their relevant experience").

11

Class. *Id.* ¶ 6; *cf. City of Warren Police & Fire Ret. Sys. v. World Wrestling Entm't Inc.*, No. 20-CV-2031 (JSR), 2020 WL 2614703, at *3 (S.D.N.Y. May 22, 2020) (rejecting lead plaintiff applicant for failure to negotiate competitive fee agreement).

Based on the foregoing, Mr. Jin, having established that he has the largest financial interest while satisfying the typicality and adequacy requirements of Rule 23, is entitled to appointment as Lead Plaintiff.

## II.   ALL COMPETING MOTIONS SHOULD BE DENIED

As the unrebutted presumptive most adequate plaintiff candidate in this case, the plain language of the PSLRA mandates Mr. Jin's appointment as Lead Plaintiff and the denial of all competing motions. *See* 15 U.S.C. § 78u-4(a)(3)(B); *see also Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 535–36 (S.D.N.Y. 2015) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . .") (quoting *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)).  Outside of this clear statutory directive in favor of Mr. Jin's appointment, the motions of AWM and the UCO Investor Group should be denied for the foregoing independent reasons.

### A.   AWM Lacks Standing

By its own admission, AWM is an investment advisor who invested in UCO "on behalf of its clients." *See* ECF No. 36-2.  Indeed, as set forth in its own declaration, AWM has stated that its "clients authorize [AWM] to make discretionary trades on *their* accounts." *See* ECF No. 36-4.  Moreover, AWM does not allege that it suffered losses on UCO securities held on its own behalf, instead that it has "earned lower fees" and "lost clients" based on its *clients' losses*.  As such, the claims arising from the investment losses in UCO securities belong to the improperly aggregated losses of AWM's clients, not AWM itself.  Therefore, absent a valid assignment of claims (as Mr. Jin has), AWM is wholly without standing to serve as Lead Plaintiff.  *W.R. Huff*

*Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 109–11 (2d Cir. 2008) (holding investment advisor could not bring suit on behalf of its clients absent an assignment of claims). The fact AWM is an "attorney-in-fact" for its clients is immaterial.  *Id.* (attorney-in-fact status of investment advisor did not surmount standing inquiry).  Moreover, a post-motion assignment of claims would inject a host of typicality and adequacy issues into AWM's motion, thereby foreclosing its appointment outright.  *In re Bard Assocs., Inc.*, No. 09-6243, 2009 WL 4350780, at *2–3 (10th Cir. Dec. 2, 2009) (upholding district court's ruling that assignments must be obtained prior to the 60-day deadline for filing lead plaintiff motions set forth in the PSLRA).

**B.     The UCO Investor Group Is an Improper Lawyer-Driven Group**

In addition, the UCO Investor Group is an improper lawyerly construct, cobbled together solely for the purposes of manufacturing the largest loss.  In passing the PSLRA, "Congress hoped that the lead plaintiff would seek the lawyers, rather than having the lawyers seek the lead plaintiff." *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997); *see also In re Ply Gem Holdings Inc.*, 2014 WL 12772081, at *2 ("[a]llowing lawyers to combine otherwise unrelated entities as joint lead plaintiffs would encourage the lawyers to drive the litigation.").

While there is not a *per se* ban on lead plaintiff groups in this District, courts utilize the following factors to determine whether lead plaintiff groups are improper lawyer-driven constructs: "(1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa." *Varghese* , 589 F. Supp. 2d at 392 .  Even then, courts in this District will only appoint a group of lead plaintiff upon a determination "if such a grouping would best serve the class." *Id.*; *Jakobsen v. Aphria, Inc.*, No. 18 Civ. 11376 (GBD), 2019 WL 1522598, at *2 (S.D.N.Y. Mar. 27, 2019).  Furthermore, in the event the proffered group members lack a pre-litigation

13

relationship, such as the UCO Investor Group, "courts have typically required that plaintiffs lacking such a relationship present a ***more compelling showing***." *Elstein v. Net1 UEPS Techs.*, Inc., No. 13 Civ. 9100 (ER), 2014 WL 3687277, at *4 (S.D.N.Y. July 23, 2014). Accordingly, the burden is solely on the proposed group to show that its aggregation is permissible. *See Aphria, Inc.*, 2019 WL 1522598, at *2.

The UCO Investor Group failed to meet this burden. In an attempt to assuage judicial concern over the group's lawyer-driven nature, the UCO Investor Group has submitted a boilerplate declaration replete with generalities. *See* ECF No. 44-4. Yet these surface level generalities fail to remedy the obvious disparate nature of the UCO Investor Group's membership. Indeed, the declaration merely states that the members are "aware of each other," indicating that they have not even *spoken to on another. Id.* ¶

As countless courts in this district have held, "[v]ague discussions of general communication protocols and status reports . . . do little to show the groups' involvement in the litigation." *Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 263 (S.D.N.Y. 2019); *Nakamura v. BRF S.A.*, No. 18-cv-2213 (PKC), 2018 WL 3217412, at *3 (S.D.N.Y. July 2, 2018) (alleged "established procedures for overseeing the progress of the litigation and communicating regularly between [a group of unrelated investors] and [their] counsel" is insufficient evidence of planned cooperation). "Moreover, their boilerplate plans for cooperation '[are] conclusory assurances [and] [should] not satisfy this Court that [they] will be able to effectively manage this litigation.'" *Micron Tech., Inc.*, 379 F. Supp. 3d at 263 (quoting *Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 191–92 (S.D.N.Y. 2011)); *Int'l Union of Operating Eng'rs v. FXCM Inc.*, No. 15-CV-3599(KMW), 2015 WL 7018024, at *4 (S.D.N.Y. Nov. 12, 2015) (same). Therefore, there is simply "nothing to indicate that the overall

14

quality of the action will be improved by [these groupings]," *Elstein*, 2014 WL 3687277, at *5. The motion of the UCO Investor Group should therefore be denied.

## CONCLUSION

For the foregoing reasons, Mr. Jin respectfully requests that the Court grant its motion and enter an Order: (1) appointing Mr. Jin as Lead Plaintiff; (2) approving Mr. Jin's selection of Labaton Sucharow as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated: October 13, 2020

Respectfully Submitted,

*/s/ Francis P. McConville*

**LABATON SUCHAROW LLP**
Christopher J. Keller
Eric J. Belfi
Francis P. McConville
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Proposed Lead Plaintiff*
*Edmund Jin and Proposed Lead Counsel for*
*the Class*