**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCIANO DI SCALA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PROSHARES ULTRA BLOOMBERG CRUDE OIL, PROSHARE CAPITAL MANAGEMENT LLC, PROSHARES TRUST II, MICHAEL L. SAPIR, TIMOTHY N. COAKLEY, and TODD B. JOHNSON,<br><br>Defendants. | **CASE No.: 1:20-cv-05865-NRB**<br><br>**REPLY MEMORANDUM OF LAW OF PINCHAS DAN DANINO IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION**<br><br>**<u>CLASS ACTION</u>**<br><br>**ORAL ARGUMENT REQUESTED** |

1

Lead Plaintiff movant Pinchas Dan Danino ("Danino") respectfully submits this reply memorandum of law in further support of his lead plaintiff motion. (Dkt. No. 23).

No movant has argued that Danino is inadequate or atypical. All other remaining, competing movants[1] cannot rebut the presumption pursuant to the Private Securities Litigation Reform Act of 1995's ("PSLRA") in favor of Danino's appointment as Lead Plaintiff as they have much smaller losses than they previously stated, are inadequate or atypical, are members of an improper group[2], or simply stated significantly smaller losses than Danino's loss. (See Dkt. Nos. 46, 47, and 48). Unlike lead plaintiff movants Edmund Jin ("Jin") and Honggui Qu ("Qu"), Danino's losses are clear, unassailable, and entirely from Proshares Ultra Bloomberg Crude Oil ("UCO") shares held through the Class Period.

Jin's losses appear to be tied entirely to options trading – exacerbating the issues highlighted in Danino's Memorandum of Law of Pinchas Dan Danino in Opposition to Competing Lead Plaintiff Motions. (See Dkt. Nos. 46, 47). Therefore, Jin cannot trigger the PSLRA's most adequate plaintiff presumption as Jin is atypical, subject to unique defenses, and would open significant factual issues that would become a distraction and could derail the class action. See Cook v. Allergn PLC, No. 18 CIV. 12089 (CM), 2019 WL 1510894, at *2 (S.D.N.Y. Mar. 21, 2019).

Qu purports to have the second largest loss but inflated his losses by failing to account for his in-and-out transactions before any corrective disclosure. (See Dkt. Nos. 47, 47-1, 48). By including his non-compensable, pre-disclosure losses, the losses Qu asserts are overstated and inflated and thus, inaccurate. Qu's compensable losses are less than Danino's losses. (See Dkt.

---

[1] Lead plaintiff movant, Emir Tavukcuoglu, filed a notice stating, in part, "he recognizes that he did not suffer the greatest loss." (Dkt. No. 45). Lead plaintiff movant, Advanced Wealth Management, LLC, filed a notice of withdrawal of its competing motion. (Dkt. No. 50). Thus four motions remain pending. (Dkt. Nos. 21, 23, 37, 41).

[2] See Dkt. No. 48, p. 13-15.

Nos. 47, 47-1, 48). *See Gutman v. Sillerman*, No. 15 CIV. 7192 (CM), 2015 WL 13791788, at *4 (S.D.N.Y. Dec. 8, 2015).

Since Jin and Qu are inadequate to represent UCO investors, Danino, who lost approximately $1,975,737.50, in his investments in UCO shares held throughout the Class Period, should be appointed Lead Plaintiff. (*See* Dkt. Nos. 32-4, 49-1). To overcome the strong presumption entitling Danino to be appointed Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists nor has been proffered that Danino is inadequate to be the Lead Plaintiff. As Danino has made a *prima facie* demonstration of his typicality and adequacy, has the largest remaining financial interest, and no movant has rebutted the presumption with proof, Danino should be appointed Lead Plaintiff and his selection of Lead Counsel should be approved.

For the foregoing reasons, Danino's motion should be granted in its entirety and the competing motions should be denied.

Dated: October 20, 2020          Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim